UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DENEEN MONTGOMERY SMITH                         CIVIL ACTION

VERSUS                                          NUMBER: 19-14770

LA DEPARTMENT OF HEALTH, ET AL.                 SECTION: "B"(5)

**REPORT AND RECOMMENDATION**

The above-captioned matter is an employment discrimination action brought by *pro se* Plaintiff, Deneen Montgomery Smith, against Defendants, the Louisiana Department of Health ("LDH"), Office of Public Health ("OPH"), Bureau of Vital Records ("BVR"); Dr. Rebekah E. Gee, Secretary of the LDH; M. Beth Scalco, the Deputy Assistant Secretary of OPH; and, Devin George, State Registrar of the BVR. (Rec. doc. 3, pp. 1, 2).[1/] Pursuant to Plaintiff's request (rec. doc. 4) on July 13, 2020, summons were issued by the Clerk's Office and were forwarded to her for the purpose of serving the named Defendants in the manner prescribed by law. (Rec. doc. 5).

In accordance with Local Rule 16.2 and in furtherance of Rule 4(m), Fed. R. Civ. P., after over 90 days had passed since this lawsuit was filed and a review of the record revealed that no service returns or waivers of service had been filed herein indicating that service had been properly made on the named Defendants, Plaintiff was ordered to show cause, in writing and on or before January 20-2021, as to why her lawsuit should not be dismissed for failure to prosecute. (Rec. doc. 6). Unfortunately, no response to the Court's "show cause" order

---

[1/] The complaint that was originally submitted by Plaintiff also bore the name and signature of an attorney who is not a member of the Bar of this Court and the complaint was unaccompanied by the required civil action filing fee or a duly-completed application to proceed *in forma pauperis*. (Rec. doc. 1). After being notified of those deficiencies by the Clerk's Office (rec. doc. 2), Plaintiff paid the required filing fee approximately two weeks later (entry foll. rec. doc. 2) but did not tender a complaint signed only by herself until almost six months later (rec. doc. 3) along with a request for issuance of summons. (Rec. doc. 4).

has been forthcoming from Plaintiff and, as far as the record reflects, no service efforts have been taken in this case.

Rule 4(m), Fed. R. Civ. P., provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The jurisprudence has come to expect strict compliance with the service rules within the 90-day period prescribed by Rule 4(m) and its predecessor. *See, e.g., Lambert v. United States*, 44 F.3d 296 (5th Cir. 1995); *Peters v. United States*, 9 F.3d 344 (5th Cir. 1993); *McGinnis v. Shalala*, 2 F.3d 548 (5th Cir. 1993), *cert. denied*, 510 U.S. 1191, 114 S.Ct. 1293 (1994); *Trania v. United States*, 911 F.2d 1155 (5th Cir. 1990). In addition, Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based on the failure of the plaintiff to prosecute her case or to comply with a court order. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991).

It has now been over 12 months since this lawsuit was filed and proof of service on the named Defendants is lacking. By scheduling the rule to show cause, the Court hoped to bring this deficiency to the attention of Plaintiff and to impress upon her the need to prosecute her case. Unfortunately, there has been no response to the Court's show cause order and, as far as the record reflects, no efforts with respect to service have been taken. As Plaintiff is unrepresented by counsel, these failures are attributable to her alone. Accordingly, it will be recommended that Plaintiff's suit be dismissed without prejudice pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed without prejudice pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2/]

New Orleans, Louisiana, this 22nd day of January, 2021.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2/] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.